FRANZ RICKHOFF, Respondent, v. CHARLES P. HECKMAN, Appellant.

*N. Y. Supreme Court, First Department, General Term, November 7, 1889.*

*Master and servant.*—Owner who, in taking down an old wall, disregards the non-hazardous methods, and willfully uses a dangerous mode, is liable to employé for injury from falling of such wall in consequence of the *modus operandi.*

Appeal from judgment entered upon verdict rendered at circuit in favor of plaintiff, and from order denying motion for new trial.

*Charles A. Flammer*, for appellant.

*Samuel Fleischman*, for respondent.

VAN BRUNT, P.J.—This action was brought to recover damages for injuries sustained by plaintiff by the falling in of a building upon which he was engaged, in the employ of the defendant.

The defendant was taking down the building, and the injury was claimed to have been the consequence of defendant's

negligence in weakening the building by the removal of beams, joists, etc., and in failing to properly support and prop up the building while plaintiff was working in the upper portion of it, and in inducing the plaintiff to do the work while it was, to defendant's knowledge, in a dangerous condition.

The points upon which the appellant bases his appeal are: that the plaintiff did not prove the exact cause of the falling of the wall, nor that it was not caused by the negligence of his co-employees, and that there was no evidence of negligence upon the part of the defendant which entitled the plaintiff to recover, because the business was of a hazardous character, and was so known to those engaged in it.

The evidence in the case shows that the defendant was engaged in taking down two old buildings known as numbers 4 and 5 Hall place; that in the morning of the day of the injury, a portion of the walls fell; the remainder of the building was thereupon secured, and work was desisted from until the arrival of the defendant, who then took charge of the same, and gave the directions as to the manner in which the work should proceed. His attention was called to methods of doing the work which were free from danger, but these methods were rejected by him.

He directed that it should proceed without taking any precautions against a possible catastrophe by such a falling of the walls of the building as subsequently occurred.

The testimony of the plaintiff's witnesses seems to show that the defendant did nothing whatever to protect his workingmen from disaster, although he was repeatedly warned, but deliberately set them to work regardless of their safety, and there is sufficient evidence from which the jury might very well infer that it was because of the manner in which this work was conducted that the injury in question resulted.

It appears that these walls were in an infirm and unsafe condition, and without any warning or protection to the workingmen pieces of wall were torn down and thrown into

the cellar, and that the shock of this fall caused the wall in question to tumble down, the walls being loose and not in any way shored up. It further appears that while the building could easily have been torn down without danger to the workingmen, the defendant, with knowledge of the danger, deliberately and without using any caution whatever hazarded their lives and limbs by prying down the walls of the building in the manner which has been already stated.

With this evidence before them the jury had the right to infer that the falling of the walls was caused by the manner in which the work was conducted, and that the work being conducted under the personal supervision of the defendant and in the manner personally directed by him; there was no ground to find that the falling was caused by the negligence of his co-employees. The workingmen were not advised, as seems to be assumed by the learned counsel for the appellant, to do the work in a certain manner, but were directed to do it in that particular method by the defendant, although he was remonstrated with on the ground of its danger. It is urged that the defendant was justified in acting on his own experience and judgment and the other advice which sustained him, and that if a party makes a choice in good faith of several expedients which are presented to a careful and prudent man he is not liable though injury results.

The propositions are perhaps abstractly true, but have no application to the facts as they have been found by the jury.

It appears that instead of acting in the conduct of the work which he was doing as a careful and prudent man, the defendant acted as a rash and angry man, and as a result subjected these workingmen to the injuries which they received.

We see no reason for interfering with the verdict of the jury and the judgment and order appealed from should be affirmed, with costs.

DANIELS and BRADY, JJ., concur.